AUSA: April N. Russo     Telephone: 313-226-9129
Special Agent: Adam Christensen     Telephone: 313-965-2323

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

DANTLY G. NICART

    Defendant(s).

Case: 2:16-mj-30230
Judge: Unassigned,
Filed: 05-19-2016 At 09:29 AM
CMP USA V DANTLY NICART (BG)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of <u>2013- present</u>, in the county of <u>Oakland County and elsewhere</u> in the <u>Eastern</u> District of <u>Michigan</u>, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§2251(a) and (e) and 2252A(g)(2) and 2422 and 2252A(a)(5)(B) and (b)(2); 18 USC 2252A(a)(2)(A) and (b)(1) | Producing, attempting to produce, conspiracy to produce child pornography; participating in a child pornography criminal enterprise; coercion and enticement; access with intent to view and possession and conspiracy to access child pornography; attempt to receive and distribute, conspiracy to receive and distribute, and distribution and receipt of child pornography |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Adam Christenson, F.B.I.
Printed name and title

Sworn to before me and signed in my presence.

_____
Judge's signature

Date: May 19, 2016

City and state: Detroit, Michigan

Hon. Elizabeth Stafford, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT AND ARREST WARRANT

## I. INTRODUCTION

I, Adam Christensen, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since 2010, and am currently assigned to the Detroit Division. While employed by the FBI, I have investigated federal criminal violations related to child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request an arrest warrant.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for DANTLY G. NICART for violations of 18 U.S.C. § 2251(a) and (e) (producing, attempting to produce, and conspiracy to produce

1

child pornography); 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (receipt and distribution of, conspiracy to receive and distribute, and attempt to receive and distribute child pornography); 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession of, knowing access, conspiracy to access, or attempted access with intent to view child pornography); 18 U.S.C. § 2422 (coercion and enticement); and § 2252A(g)(2) (participating in a child pornography enterprise).

3. The statements contained in this affidavit are based in part on: information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent (SA) with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary probable cause that NICART has violated Title 18 U.S.C. §§ 2251(a) and (e), 2252A(a)(2)(A) and (b)(1), 2252A(a)(5)(B) and (b)(2), 2422 and

2

2252A(g)(2).

## II. BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

4.  On November 16, 2015, the FBI encountered a subject (S1) in the Eastern District of Michigan. S1 was in possession of child pornography, and has been arrested and charged in the Eastern District of Michigan for child pornography crimes. Both prior to and following his arrest, S1 consented to being interviewed by law enforcement agents. During the interviews, S1 admitted to accessing child pornography. S1 also informed agents that he was a member of a group of individuals that uses the internet to entice minors to engage in sexually explicit conduct via web camera. S1 resided in the Eastern District of Michigan during the commission of the above-listed crimes.

5.  Both prior to and following his arrest, S1 consented to being interviewed by law enforcement agents, and provided the following information, which has been corroborated by the FBI investigation:

    a.  A group of individuals, acting in concert, used the internet to entice minors to engage in sexually explicit conduct via web camera. The members of this group primarily operated by convincing minor females to visit chat rooms on a specific website. (This website is now known to law enforcement and will hereinafter be referred to as

3

"Website A".) In order to communicate with each other, the group members use base chatrooms on Website A.

b. The group members organize and plan in these base chatrooms, and then create other chatrooms on Website A for the girls to go to. Once the girls arrive in the chatrooms, group members work together to convince them to perform various sexual acts on camera. Everyone present in the chatroom has the ability to watch the girls engaged in these acts, and the group members record the girls. Some of the group members distribute the recordings to other people.

c. Each group member has a different role. There are "hunters," "talkers," "loopers," and "watchers." The "hunters" visit social media websites commonly used by their minor victims to interact with the minors. They are in charge of convincing them to log-on to Website A. They provide the girls with a link to a specific chatroom that they or another group member creates on Website A.[1] Once the minors log-on to Website A, the "talkers" take over the primary job of conversing with them. They ask the minors to do 'dares' which

---

[1] The hunters often will convince the minor females they interact with to give them their contact information on social media applications like Kik, Instagram, or Skype. Their goal is to chat privately with the girls so that they can avoid posting links to Website A on public websites.

escalate into sexual activity. If a minor is suspicious of the members in the chatroom or reluctant to engage in sexual activity, a "looper" plays a previously recorded video of a minor actively chatting and performing sexual acts in a chatroom. The "looper" pretends to be the minor in the video. The "looper" plays the video or "loop" of a minor engaged in sexual activity in order to entice the minor in the chatroom to follow suit. Finally, "watchers" are in charge of security. They watch the users coming and going from the chatroom to make sure that no suspected law enforcement members or other unwanted persons access the room. In general, according to S1, all of the members who are present in the room capture, or 'capped' the video stream of the minor being enticed, particularly if child pornography is being produced. To "cap" something is to record it.

6. Several members of the group have been identified. One member of the group, "User T,"[2] worked with this particular group of individuals to accomplish the common objective of getting minor females to engage in sexual activity online and on camera. User T was both a "talker" and a "looper" for the group. He would talk to minor females on social media and on Website A in order to entice

---

[2] The true username is known to law enforcement but not revealed in order to protect an ongoing investigation.

them to perform sexual acts via web camera. He would also play videos of a teenage boy, pretending to be that teenage boy, in order to convince minor females to engage in sexual activity via web camera. In online conversations with the other group members, User T referred to child pornography he had previously been a part of creating through the enticement of minor females. User T and others used the smartphone application Kik to communicate with each other and with minor females online. According to another group member (S2), the Kik username utilized by User T was XXXXXXXX.[3] Law enforcement obtained copies of several Kik conversations between XXXXXXXX and other group members from S2's computer. In the conversations, XXXXXXXX refers to minor victims on Website A and chats with other group members on Website A.

7. Kik was subpoenaed for subscriber information regarding the username XXXXXXXX on April 28, 2016 and responded on April 29, 2016. Kik provided the log-in information for the account from March 31, 2016 through April 29, 2016. The email address associated with the account was benguzman1990@gmail.com. There were two IP addresses that were utilized to log in to the account multiple times between April 2, 2016 and April 29, 2016. The most frequent IP address was 70.173.200.235 which was the only IP address

---

[3] The true Kik username is known to law enforcement but not revealed in order to protect an ongoing investigation. The username is another identified person's actual name, and it is believed that NICART may have been using this individual's persona in order to evade detection by law enforcement.

utilized to log in to the account from April 7, 2016 to April 29, 2016. All of the IP addresses were determined to belong to Cox Communications.

8. On May 2, 2016, Cox Communications was subpoenaed for the subscriber information for the above described IP addresses. Cox Communications responded on May 2, 2016 and provided the address of the subscriber as 2XXX Arville Street, Apartment XX, Las Vegas, NV 89102. Cox Communication initiated service at that address on April 2, 2016. The IP history logs for the account indicated that the IP addresses had been assigned as follows: 70.173.196.156 from April 2, 2016 to April 6, 2016 and 70.173.200.235 from April 6, 2016 to May 3, 2016. These date ranges are consistent with the IP information and log-in information provided by Kik.

## Search Warrant Execution

9. On May 18, 2016, a federal search warrant authorized in the District of Nevada was executed at the residence of DANTLY G. NICART (DOB 10/XX/1978), 2XXX Arville Street, Apartment XX, Las Vegas, Nevada 89102. Dante Nicart, Sr. was present during the execution of the warrant. Dante Nicart, Sr. voluntarily spoke with the agents and task force officers and stated that he resided in the residence with two of his sons, Dante Nicart, Jr. and DANTLY NICART. Dante Nicart, Sr. identified a USB adaptor with micro SD memory card

(further identified as a San Disk 64 GB Micro SD Card with no visible serial number) (hereinafter referred to as the "SD Card"), which was recovered from DANTLY NICART's bedroom, as belonging to DANTLY NICART. Dante Nicart, Sr. further stated that DANTLY NICART spends a lot of time on the computer.

10. Agents and Task Force Officers located DANTLY NICART at his place of employment. DANTLY NICART was read his Miranda Rights, waived those rights and voluntarily agreed to speak with the agents and Task force Officers. DANTLY NICART stated that he had frequented Website A. He admitted that he uses the username "User T" on Website A. He stated that he utilized a tablet computer to access Website A which was located at his residence. DANTLY NICART stated that he has looked at child pornography and believes child pornography is of anyone under the age of 18. Subsequent to these statements, DANTLY NICART invoked his right to have an attorney present, and the interview was terminated.

11. Law enforcement recovered multiple tablet computers, a laptop computer, and other electronic storage devices from DANTLY NICART's residence. Law enforcement conducted a forensic preview of the aforementioned SD card and located three videos that appeared to be child pornography. These videos were

8

consistent with other videos recovered by law enforcement of minors producing child pornography via web camera on Website A.

## CONCLUSION

12. Based on the foregoing, there is probable cause to believe NICART has produced, attempted to produce and conspired to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e); has been in the receipt or distribution, been a part of a conspiracy to receive and distribute and has attempted to receive and distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); has been in the possession, knowing access, conspiracy to access and attempted to access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2); has coerced and enticed a minor in violation of 18 U.S.C. § 2422; and has participated in a child pornography enterprise in violation of 18 U.S.C. § 2252A(g)(2).

_____
Special Agent Adam Christensen
Federal Bureau of Investigation

Sworn to me this 19th day of May

_____
Elizabeth A. Stafford
United States Magistrate Judge